WILLIAM PETTUS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When a requisition is made by the Executive authority of this State for any person as a fugitive from justice, on the Executive authority of another State, and the Governor of this State appoints an agent to receive such fugitive to be transported to this State, it is the duty of such agent, without unreasonable delay, to bring said fugitive before the Governor of this State, (unless otherwise directed), in order that said fugitive from justice may be turned over, under the order and direction of the Governor, to the proper civil authority of the county in which the offense was committed. If the defendant, as such agent, had such fugitive from justice in his custody, for the purpose of transporting him from the State of South Carolina to the Governor of this State, on his requisition, as set forth in the record, without any unreasonable delay, then the defendant was not guilty of false imprisonment in the detention of said fugitive from justice for that purpose, and the Court below should have so instructed the jury.

False Imprisonment. Fugitives from Justice. Before Judge SNEAD. City Court of Augusta. November Term, 1869.

Pettus was tried for false imprisonment of one Kernighan, in the City Court of Augusta, and found guilty. Upon a refusal of a new trial, the case came here for review. But

one question was passed upon by this Court. Everything in the record, pertinent to it, is substantially as follows :

In October, 1869, one Ruffin made an affidavit before a Justice of the Peace in Atlanta, Georgia, charging that Kernighan did, on the 3d of November, 1868, murder Albert G. Ruffin, in Richmond county, Georgia. Thereupon, the Justice issued a warrant, commanding the sheriffs and constables of this State to arrest Kernighan and bring him before said Justice, "or some judicial officer of the State, to be dealt with according to law." Upon these papers, the Governor of Georgia made a demand on the Governor of South Carolina, where Kernighan was, asking that he be delivered to Pettus, "who is duly authorized to receive and convey him to the State of Georgia." He also gave Pettus authority to receive and bring Kernighan "into this State having jurisdiction of his crime." Upon these papers being delivered to the Governor of South Carolina, he ordered that Kernighan be delivered to Pettus for said purpose. Kernighan resided in Hamburg, South Carolina, separated from Augusta, Richmond county, Georgia, only by the Savannah River. He had been arrested, and was in jail at Columbia, South Carolina. He was delivered to Pettus, who brought him to Augusta, and wished to put him upon the train for Atlanta, the seat of government of Georgia. The crowd interferred and detained Pettus, in charge of Kernighan, from ten minutes to a half hour. During this detention, Pettus was served with *habeas corpus*. Next morning he produced Kernighan, made no return, and Kernighan was discharged. It appeared that Kernighan was habitually in Augusta, almost daily, since the alleged offense.

Pettus was tried for false imprisonment. The above facts and papers were shown upon the trial. The Judge charged the jury that said papers were legal, and authorized Pettus to bring Kernighan to Georgia, but that upon reaching Richmond county, "it was his duty to carry Kernighan before a Justice of the Peace, or other judicial officer, as soon

as he arrived in Georgia;" that he should "have taken him before some judicial officer for examination, in the county in which the offense is alleged to have been committed," and if he held and detained him "for any other purpose than for examination, (in Richmond county, in this case), his detention was illegal, and the officer (Pettus) was guilty of false imprisonment." "That the requisition of the Governor of Georgia only authorized the prisoner to be brought to Georgia, and that, upon his arrival, he should have been re-arrested and held under a warrant, and his detention, if without a warrant, by Pettus, with the intention of conveying him to a point remote from the place he was in, and where the crime was charged to have been committed, was illegal and without authority of law."

Pettus was found guilty. A new trial was moved for, on the ground that said charge was wrong, because it was Pettus' duty to carry the prisoner to Atlanta, to the Governor of Georgia, and upon other grounds. A new trial was refused, and that is assigned as error on said grounds.

Joseph P. Carr, for plaintiff in error.

Henry Jones, for the State.

Warner, J.

If the defendant had in his custody, as the agent of the Governor of this State, a fugitive from justice, for the purpose of transporting him from the State of South Carolina to the Governor of this State, on his requisition, as set forth in the record, without any unreasonable delay, then, the defendant was not guilty of false imprisonment in the detention of said fugitive from justice for that purpose, and the Court below should have so instructed the jury on the trial.

Let the judgment of the Court below be reversed.